## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### CRALL v. COMMONWEALTH.

#### January 26, 1905.

1. CRIMINAL LAW—*Corporations—Illicit Business—Liability of Officers.*—
The general manager of a corporation, in active charge of its affairs,
who knows that the subordinate agents of the company are actively
peddling the company's goods without license, and who receives re-
ports of such sales indirectly from such agents, is criminally liable
for the offense of peddling goods without license.

Error to a judgment of the Circuit Court of Chesterfield
county, on an information for peddling without license.

*Affirmed.*

The opinion states the case.

*R. Randolph Hicks,* for the plaintiff in error.

*Attorney-General William A. Anderson,* for the Common-
wealth.

WHITTLE, J., delivered the opinion of the court.

In this case, as in another under the same style, in which
an opinion has been handed down at the present term, the
plaintiff in error was convicted and fined in a prosecution
under section 50 of an act, approved May 13, 1903 (Acts 1902-

3-4, p. 484), for peddling goods, wares and merchandise without a license.

It appears in this, as in the former case, that the actual sale of the goods was made through one Joseph Freeman, an agent of the L. B. Price Mercantile Company, a corporation domiciled at Kansas City, in the State of Missouri; that the company had two depositories, or store-houses, in this State, the one located in the city of Norfolk, and the other in the city of Richmond. Crall was the vice-president of the company, and its general manager for the State of Virginia, with headquarters at Norfolk. Ostrander, under Crall's supervision, was in charge of the branch store-house in the city of Richmond. Freeman, who was employed by Ostrander for the L. B. Price Company, was equipped with a wagon, goods and printed contracts of sale, and conducted a regular peddling business on behalf of the company. He was sent out to peddle goods, and reported his sales to Ostrander, who made his reports to Norfolk.

Upon the foregoing facts Crall was convicted of peddling, and a fine of $100 imposed upon him by the Circuit Court of Chesterfield county, to which court the case was carried by appeal from the judgment of a justice of that county.

For reasons stated in the opinion in the former case, the judgment complained of is without error and must be affirmed.

*Affirmed.*